

Aug 5, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20556-CR-GAYLES/TURNOFF

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

CARLOS JAVIER ACEVEDO,

      **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT 1

Beginning in and around December 2009, and continuing through on or about June 7, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS JAVIER ACEVEDO,**

did knowingly and wilfully combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney to distribute a Schedule III controlled substance, that is, the anabolic steroid testosterone, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to the defendant, **CARLOS JAVIER ACEVEDO,** the controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to the defendant, is a mixture and substance containing a detectable amount of testosterone, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(E)(i) and (iii).

## COUNT 2

Beginning on or about April 24, 2013 and continuing through on or about June 5, 2013, in Miami-Dade County, in the Southern District of Florida, the defendant,

### CARLOS JAVIER ACEVEDO,

did knowingly and wilfully combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to defendant **CARLOS JAVIER ACEVEDO**, the controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to the defendant, is a mixture and substance containing a detectable amount of 3,4-Methylenedioxy-N-Methylcathinone Hydrochloride, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## CRIMINAL FORFEITURE ALLEGATIONS

1. The allegations of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CARLOS JAVIER ACEVEDO,** has an interest.

2. Upon conviction of any of the violations alleged in this Information, the defendant, **CARLOS JAVIER ACEVEDO,** shall forfeit to the United States any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used by the defendant, in

any manner or part, to commit or to facilitate the commission of such violations.

All pursuant to Title 21, United States Code, Section 853.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MICHAEL P. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY


_____
SHARAD A. MOTIANI
ASSISTANT UNITED STATES ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| CARLOS JAVIER ACEVEDO, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____ / | **Superseding Case Information:** |

**Court Division**: (Select One)

__X__ Miami  ____ Key West
____ FTL    ____ WPB    ____ FTP

New Defendant(s)          Yes ____  No ____
Number of New Defendants  ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   __NO__
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)

    I    0 to 5 days      __X__
    II   6 to 10 days     ____
    III  11 to 20 days    ____
    IV   21 to 60 days    ____
    V    61 days and over ____

    (Check only one)

    Petty    ____
    Minor    ____
    Misdem.  ____
    Felony   __X__

6. Has this case been previously filed in this District Court?  (Yes or No)  Yes ____
   If yes: _____
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes  __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes  __X__ No

_____
SHARAD A. MOTIANI
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 711233

*Penalty Sheet(s) attached                                           REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  CARLOS JAVIER ACEVEDO

**Case No:** _____

Count #: 1

   Conspiracy to distribute Testosterone

   Title 21, United States Code, Section 846

**\*Max. Penalty:**  Ten (10) years' Imprisonment

Count #: 2

   Conspiracy to distribute 3,4-Methylenedioxy-N-Methylcathinone

   Title 21, United States Code, Section 846

**\*Max. Penalty:**  Twenty (20) years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**